# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** PROVIDENCE ST. JOSEPH HEALTH;
*(AVISO AL DEMANDADO):* PROVIDENCE HEALTH & SERVICES; ST.
JOSEPH HEALTH; ST. JOSEPH HEALTH SYSTEM; ST. JOSEPH HEALTH
NORTHERN CALIFORNIA, LLC; QUEEN OF THE VALLEY MEDICAL
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** ANDREA GREGG; and CHARLENE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DAVIDSON; Individually and
on Behalf of All
Others Similarly Situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street<br>San Francisco, California 94102-4515 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-20-583964 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robert S. Arns
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Arns Law Firm
515 Folsom Street, 3rd Floor, San Francisco, CA 94105         415-495-7800

| DATE:<br>*(Fecha)* | MAR 26 2020 | **Clerk of the Court** Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

ANGELICA SUNGA

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CENTER;
SANTA ROSA MEMORIAL HOSPITAL; SRM ALLIANCE HOSPITAL SERVICES
D/B/A PETALUMA VALLEY HOSPITAL; ST. JOSEPH HOSPITAL OF EUREKA;
REDWOOD MEMORIAL HOSPITAL OF FORTUNA; and DOES 1 through 100,
inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

1  Robert S. Arns, State Bar No. 65071
   Jonathan E. Davis, State Bar No. 191346
2  Shounak S. Dharap, State Bar No. 311557
   **THE ARNS LAW FIRM**
3  515 Folsom Street, 3rd Floor
   San Francisco, CA 94105
4  Tel: (415) 495-7800
   Fax: (415) 495-7888
5
6  Attorneys for Plaintiffs

F I L E D
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 2 6 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk
**ANGELICA SUNGA**

7
8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                            **COUNTY OF SAN FRANCISCO**

9  ANDREA GREGG; and CHARLENE          Case No. **C G C - 2 0 - 5 8 3 9 6 4**
10 DAVIDSON; Individually and on Behalf of All
   Others Similarly Situated,          **CLASS ACTION COMPLAINT FOR**
11                                      **DAMAGES [C.C.P. § 382]**
12                  Plaintiffs,
                                        **COMPLAINT FOR VIOLATIONS OF:**
13 vs.                                  1. Violation of Bus. & Prof. Code §§ 17200, *et
                                           seq.* – Unlawful Business Acts and
14 PROVIDENCE ST. JOSEPH HEALTH;           Practices
   PROVIDENCE HEALTH & SERVICES; ST.   2. Violation of Bus. & Prof. Code §§ 17200, *et
15 JOSEPH HEALTH; ST. JOSEPH HEALTH        seq.* – Unfair Business Acts and Practices
   SYSTEM; ST. JOSEPH HEALTH           3. Violation of Bus. & Prof. Code §§ 17200, *et
16 NORTHERN CALIFORNIA, LLC; QUEEN        seq.* – Fraudulent Business Acts and
   OF THE VALLEY MEDICAL CENTER;          Practices
17 SANTA ROSA MEMORIAL HOSPITAL;       4. Intentional Interference with Contractual
   SRM ALLIANCE HOSPITAL SERVICES         Relations
18 D/B/A PETALUMA VALLEY HOSPITAL;
   ST. JOSEPH HOSPITAL OF EUREKA;      AMOUNT EXCEEDS $75,000
19 REDWOOD MEMORIAL HOSPITAL OF
   FORTUNA; and DOES 1 through 100,
20 inclusive,
21
22                  Defendants.
23
24
25
26
27
28





1

Plaintiffs, Andrea Gregg ("Gregg") and Charlene Davidson ("Davidson"), on behalf of themselves and all others similarly situated ("Plaintiffs"), bring this action against Defendants St. Joseph Health; St. Joseph Health System; St Joseph Health Northern California, LLC; Providence St. Joseph Health; Providence Health and Services; Queen of the Valley Medical Center; Santa Rosa Memorial Hospital; St. Joseph Hospital of Eureka; Redwood Memorial Hospital of Fortuna; SRM Alliance Hospital Services, d/b/a Petaluma Valley Hospital; and Does 1 through 100 (collectively "Defendants"), and allege, upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

1.      Plaintiffs Gregg and Davidson bring this action to obtain damages and restitution, as well as injunctive and other relief, individually and on behalf of a proposed class defined below ("Class").

2.      As alleged herein, Plaintiffs received medical services as patients of Defendants' hospitals in connection with incidents involving third-party tortfeasors. Despite knowing that Plaintiffs had health care service plans, Defendants refused to submit Plaintiffs' medical bills to said health care services plans and instead asserted liens against Plaintiffs' trial awards or settlements. The amounts of the liens were based not on Plaintiffs' health plan's contracted negotiated rates but on Defendants' grossly inflated "customary" rate. This improper conduct resulted in Plaintiffs facing excessively high liens for hospital care far beyond the "reasonable and necessary charges" that hospitals are allowed to assert under the Hospital Lien Act, Civil Code §§ 3045.1-3045.6 and denied Plaintiffs the benefit of their health care service plans.

3.      Plaintiffs assert claims individually and collectively under the Business & Professions Code §§ 17200, *et seq*. and for intentional interference with contractual relations.

4.      Plaintiffs seek actual and/or compensatory damages, restitution, equitable relief, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available and that the Court may deem appropriate and just under all of the circumstances.



1

**JURISDICTION AND VENUE**

5.      This class action is brought pursuant to Section 382 of the California Code of Civil Procedure and seeks to remedy Defendants' violations of state law, including the Civil Code, Unfair Competition Law, and common law torts, arising from and related to Defendants' assertion of hospital liens based on their customary rates, rather than the lower, negotiated rates contracted for under Plaintiffs' and the Class's health plans.

6.      Venue is proper in Napa County, California because, inter alia, Defendants engage and perform business activities in and throughout the State of California, including Napa County; and Class members, including Plaintiffs, received medical services in Napa County and many of the acts complained of herein occurred in this judicial district. However, due to the current court closures caused by the novel coronavirus/COVID-19 pandemic, Plaintiffs are unable to file their complaint in Napa Superior Court, as it is not accepting any filings at this time. Many other Superior Courts for other counties in the Bay Area are undergoing similar closures and are not accepting new filings. As a result, Plaintiffs file their complaint in this Court in order to preserve their statute of limitations. Venue is proper in this Court under these circumstances because, inter alia, Defendants engage and perform business activities in and throughout the State of California and because it would prejudice Plaintiffs if they were not allowed to file their complaint to preserve their statute of limitations.

**PARTIES**

7.      Plaintiff Andrea Gregg is a resident of Napa, California in Napa County. Plaintiff Gregg received medical services from Defendants in November 2016 in connection with injuries she sustained in a car accident in which she was rear ended. Defendants knew Plaintiff Gregg had a health care service plan with United Healthcare but did not submit her medical bills to the plan. Instead, in April 2017, Defendants asserted a lien under the guise of the California Hospital Lien Act, Civil Code §§ 3045.1 *et seq*., for over $14,500.00 against any damages Plaintiff Gregg may recover against the third-party who rear-ended her. This amount represents a grossly inflated "retail"

1  amount that is orders higher than the contracted negotiated rate that Defendants would have accepted

2  as payment in full had Plaintiff's medical bills been submitted to her health care service plan.

3       8.     Plaintiff Charlene Davidson is a resident of Napa, California in Napa County.

4  Plaintiff Davidson received medical services from Defendants in approximately June 2018 in

5  connection with injuries she sustained in a car accident. Defendants knew Plaintiff Davidson had a

6  health care coverage under Medicare and a supplemental health care service plan with Kaiser

7  Permanente ("Kaiser") but did not submit her medical bills to either Medicare or Kaiser. Instead, in

8  October 2018, Defendants asserted a lien under the guise of the California Hospital Lien Act, Civil

9  Code §§ 3045.1 *et seq.*, for over $14,900.00 against any damages Plaintiff Davidson may recover

10 against the third-party who injured her. This amount represents a grossly inflated "retail" amount

11 that is orders higher than the contracted negotiated rate that Defendants would have accepted as

12 payment in full had Plaintiff's medical bill been submitted to Medicare or her health care service

13 plan. Plaintiff Davidson is a senior citizen as that term is defined by Civil Code Section 1761(f)(2)

14 in that she is over the age of 65.

15      **Management Defendants**

16      9.     Plaintiffs are informed and believe that Defendants Providence St. Joseph Health;

17 Providence Health & Services; St. Joseph Health; St. Joseph Health System; St. Joseph Health

18 Northern California, LLC; and Does 1 through 100, inclusive (hereinafter sometimes collectively

19 referred to as "Management Defendants") regularly conduct business in the State of California, and

20 directly or through their wholly-owned subsidiaries enumerated below owned, licensed, operated,

21 administered, managed, directed, and/or controlled five (5) hospitals in the State of California. The

22 Management Defendants exert total and consistent operational control over each of the defendant

23 hospitals such that the independent hospitals defendants are merely alter-egos of, or comprise a

24 single enterprise with, the Management Defendants. The Management Defendants establish,

25 implement, and enforce a uniform system of billing at the hospital level predicated upon maximizing

26 profit. In reality, the independent hospitals are a sham: there is no independence; the hospitals are

27 all owned, controlled, and operated by the Management Defendants. The fiction of independence

28

CLASS ACTION COMPLAINT FOR DAMAGES

1   is created by the Management Defendants as a mechanism to escape liability for the uniform

2   misbehavior mandated by the Management Defendants at each of the named hospital defendants.

3       10.     Defendant Providence St. Joseph Health is a Washington non-profit corporation with

4   its principal place of business located at 1801 Lind Avenue Southwest, in Renton, Washington.

5   Providence St. Joseph Health maintains substantial ongoing business operations throughout

6   California, including Napa County, and operates a system of hospitals, physician clinics, home care

7   and other health care providers, a health plan, and associated services in the states of Alaska,

8   California, Montana, Oregon and Washington. It is the parent corporation of Defendants Providence

9   Health & Services; St. Joseph Health; and St. Joseph Health System.

10      11.     Defendant Providence Health & Services is a Washington non-profit corporation

11  with its principal place of business located at 1801 Lind Avenue Southwest, in Renton, Washington.

12  Providence Health & Services maintains substantial ongoing business operations throughout

13  California, including Napa County, and is a comprehensive health care organization that provides

14  health care services in Washington, Oregon, California, Montana, Texas, Alaska, and New Mexico.

15  It is wholly owned by Defendant Providence St. Joseph.

16      12.     Defendant St. Joseph Health is a California non-profit corporation with its principal

17  place of business located at 3445 Michelson Drive, Suite 100, in Irvine, California.  St. Joseph

18  Health maintains substantial ongoing business operations throughout California, including Napa

19  County, and is in the business of owning, operating, and administering hospitals. St. Joseph Health

20  provides "administrative services," also known as management services, to the Hospitals.  It is

21  wholly owned by Defendant Providence St. Joseph.

22      13.     Defendant St. Joseph Health System is a California non-profit corporation with its

23  principal place of business located at 3445 Michelson Drive, Suite 100, in Irvine, California.  St.

24  Joseph Health System maintains substantial ongoing business operations throughout California,

25  including Napa County, and is in the business of owning, operating, and administering hospitals. St.

26  Joseph Health provides "administrative services," also known as management services, to the

27  Hospitals. It is the parent corporation of Defendant St. Joseph Health Northern California, LLC.

28

14.     Defendant St. Joseph Health Northern California, LLC is a California limited liability corporation with its principal place of business located at 3445 Michelson Drive, Suite 100, in Irvine, California. It is the licensee of Defendants Queen of the Valley Medical Center, Sana Rosa Memorial Hospital, and St. Joseph Hospital of Eureka. It is wholly owned by Defendant St. Joseph Health System.

**Hospital Defendants**

15.     Defendant Queen of the Valley Medical Center ("QVMC") is the licensee, owner, and/or operator of a general acute care hospital located at 1000 Trancas Street in Napa, California. Defendant QVMC is one of the hospitals uniformly owned, operated, managed, licensed, and/or controlled by the Management Defendants in the State of California. QVMC is a "person" within the meaning of *Civil Code* § 1761 in that it is a corporation.

16.     Defendant Santa Rosa Memorial Hospital is the licensee, owner, and/or operator of a general acute care hospital located at 1165 Montgomery Drive in Santa Rosa, California. Defendant Santa Rosa Memorial Hospital is one of the hospitals uniformly owned, operated, managed, licensed, and/or controlled by the Management Defendants in the State of California. Santa Rosa Memorial Hospital is a "person" within the meaning of *Civil Code* § 1761 in that it is a corporation.

17.     Defendant SRM Alliance Hospital Services d/b/a Petaluma Valley Hospital ("Petaluma Valley Hospital") is the licensee, owner, and/or operator of a general acute care hospital located at 400 North McDowell Boulevard in Petaluma, California. Defendant Petaluma Valley Hospital is one of the hospitals uniformly owned, operated, managed, licensed, and/or controlled by the Management Defendants in the State of California. Petaluma Valley Hospital is a "person" within the meaning of *Civil Code* § 1761 in that it is a corporation.

18.     Defendant St. Joseph Hospital of Eureka is the licensee, owner, and/or operator of a general acute care hospital located at 2700 Dolbeer Street in Eureka, California. Defendant St. Joseph Hospital of Eureka is one of the hospitals uniformly owned, operated, managed, licensed,

1  and/or controlled by the Management Defendants in the State of California. St. Joseph Hospital of
2  Eureka is a "person" within the meaning of *Civil Code* § 1761 in that it is a corporation.

3      19.    Defendant Redwood Memorial Hospital of Fortuna is the licensee, owner, and/or
4  operator of a general acute care hospital located at 3300 Renner Drive in Fortuna, California.
5  Defendant Redwood Memorial Hospital of Fortuna is one of the hospitals uniformly owned,
6  operated, managed, licensed, and/or controlled by the Management Defendants in the State of
7  California. Redwood Memorial Hospital of Fortuna is a "person" within the meaning of *Civil Code*
8  § 1761 in that it is a corporation.

9      20.    At all times herein mentioned, Defendants have all regularly conducted business
10 throughout the State of California, including, but not limited to, the ownership, licensing,
11 administration, operation, management, and/or supervision of numerous hospitals providing general
12 acute care services. The Defendants operated at least five (5) such hospitals during the class period
13 and/or a portion of the class period within the State of California. Each of these hospitals is a
14 "general acute care hospital" as defined in Health & Safety Code § 1250. The "Hospitals" include,
15 without limitation the Defendants named in paragraphs 15 through 19.

16     21.    The true names and capacities of DOES 1 through 100, inclusive, are unknown to
17 Plaintiffs who sue such Defendants by use of such fictitious names. Plaintiffs will amend this
18 complaint to add the true names when they are ascertained. Plaintiffs are informed and believe and
19 thereon allege that each of the fictitiously named Defendants is legally responsible for the
20 occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused
21 by their conduct.

22 **DEFENDANTS ARE PARTICIPATING IN A JOINT VENTURE**

23     22.    Defendants have participated and continue to participate in a joint venture to
24 accomplish the wrongful conduct alleged herein. Each Defendant is a member of this joint venture
25 and is responsible for the wrongful conduct of each Defendant acting in furtherance of the venture.

26
27
28

23.     During the relevant period, Defendants have combined and continue to combine their property, skill, and/or knowledge with the intent to carry out a single business undertaking and agree to share the profits and losses of the business.

24.     During the relevant period, each Defendant had an ownership interest in the business, and Defendants have joint control over the business, even if they agree to delegate control.

25.     Defendants have agreed to manage, operate, obtain licenses for, and collect and share the profits and assets of their five general acute care hospitals in California

26.     Defendants have an express and implied agreements to accomplish their joint venture.

27.     Each of the five hospitals pays the Management Defendants, namely Defendant St. Joseph Health Systems, a substantial management or administration fee. According to cost reports submitted by the Hospital Defendants to the State of California under the penalty of perjury, St. Joseph Health System received the following approximate amounts in 2017-2018 from the Hospital Defendants for either "management," "home office costs," or "administration" services:

     a.    Queen of the Valley Medical Center:
          i.    2017: $22.8M
          ii.   2018: $23.9M
     b.    Santa Rosa Memorial Hospital:[1]
          i.    2017: $37.5M
          ii.   2018: $28.2M
     c.    Petaluma Valley Hospital:
          i.    2017: $7.3M[2]
          ii.   2018: $6.9M

---

[1] In the cost report for Santa Rosa Memorial, the related party identified is "St. Joseph Healthcare" or "St. Joseph Healthcare -- Sonoma County," both of which, on information and belief, refer to Defendant St. Joseph Health System.

[2] In the cost reports for Petaluma Valley Hospital, the "administration" services are reported in two transactions, one paid to St. Joseph Health System and one paid to "St. Joseph Healthcare – Sonoma County," the Hospital's "Regional Home Office." In 2017, those transactions were $6.2M and $1.1M respectively. In 2018, those transactions were $6.2M and $677,000 respectively. On information and belief, "St. Joseph Healthcare – Sonoma County" refers more broadly to Defendant St. Joseph Health System, which is identified as the Hospital's "Corporate Home Office."



CLASS ACTION COMPLAINT FOR DAMAGES

d.   St. Joseph Hospital of Eureka:
    i.   2017: $19M
    ii.  2018: $13.2M
e.   Redwood Memorial Hospital of Fortuna:
    i.   2017: $2.6M
    ii.  2018: $9M
f.   **Total   Management/Administration   Fees   Paid   to   Management Defendants, 2017-2018: $170.4M**
    i.   2017: $89.2M
    ii.  2018: $81.2M

28.   Some of the Hospitals pay Management Defendants for other "home office" costs as well. For example:

a.   Queen of the Valley Medical Center:
    i.   2017:
        (1)   $758,000 for "home office – malpractice insurance"
        (2)   $40,000 for "home office – accounting"
    ii.  2018:
        (1)   $898,000 for "home office – malpractice insurance"
        (2)   $2.9M for "home office – benefits"
b.   Santa Rosa Memorial Hospital:
    i.   2017:
        (1)   $2.7M in patient accounting
        (2)   $88,000 in social work
        (3)   $1M in plant maintenance
        (4)   $502,000 in communications
        (5)   $2M in personnel
        (6)   $735,000 in chaplaincy
        (7)   $412,000 in medical staff admin
        (8)   $317,000 in leases and rentals
    ii.  2018:
        (1)   $257,000 in leases and rentals
        (2)   $32M in health insurance
        (3)   $1.4M in "area allocation"
c.   Petaluma Valley Hospital:

8



i.    2017:

    (1)    $239,000 in plant maintenance

    (2)    $111,000 in communications

    (3)    $207,000 in general accounting

    (4)    $303,000 in patient accounting

    (5)    $225,000 in credit and collection

    (6)    $446,000 in personnel

    (7)    $391,000 in utilization management

    (8)    $50,000 in medical records

ii.   2018:

    (1)    $124,000 in plant maintenance

    (2)    $37,000 in communications

    (3)    $90,000 in general accounting

    (4)    $139,000 in patient accounting

    (5)    $463,000 in credit and collection

    (6)    $235,000 in personnel

    (7)    $278,000 in utilization management

    (8)    $64,000 in medical records

iii.  **Total Other Fees Paid to Management Defendants, 2017-2018: $49.4M**

    (1)    2017: $10.5M

    (2)    2018: $38.9M

29.    Defendants share a common purpose, to operate these hospitals to ultimately profit Management Defendants.

30.    According to documents submitted by the Hospitals to the State of California under penalty of perjury, each of the Hospitals is a wholly-owned subsidiary of Management Defendant St. Joseph Health System.[3]

31.    Defendants also have the same corporate officers, as alleged in detail in paragraph 39 below.

---

[3] The 2017 cost report for Defendant Santa Rosa Memorial Hospital states that "St. Joseph Healthcare" has 100% ownership of the hospital.  On information and belief, "St. Joseph Healthcare" refers to Defendant St. Joseph Health System.



**DEFENDANTS ARE ALTER EGOS AND/OR FORM PART OF A SINGLE INTEGRATED ENTERPRISE**

32. There is a sufficient unity of interest and ownership among Defendants, and between each of them, such that the acts of one are for the benefit and can be imputed to the acts of the others.

33. Defendants treat the funds of one as the funds of the others.

34. Plaintiffs allege on information and belief that the funds in each Hospital's financial accounts flow easily to and from the accounts of the Management Defendants. During the relevant period, the Hospitals submitted cost reports to the State of California that indicated "related party transactions" between themselves and Management Defendants. The specifics of these transactions are detailed in paragraphs 27 and 28.

35. Defendants' equitable ownership is identical or nearly identical. The Hospital Defendants' equitable ownership is identical or nearly identical.

36. According to documents submitted by the Hospitals to the State of California under penalty of perjury, each of the Hospitals is a wholly-owned subsidiary of Management Defendant St. Joseph Health System.[4]

37. St. Joseph Health System is wholly owned by Defendant Providence St. Joseph Health. Providence St. Joseph Health is also the sole owner of Defendant Providence Health and Services and Defendant St. Joseph Health.

38. Defendants also share common officers:

    a. **Mike Butler**
        i. CEO of St. Joseph Health

        ii. CEO of St. Joseph Health System

        iii. CEO of Providence Health & Services

    b. **Jo Ann Escasa-Haigh**
        i. CFO of St. Joseph Health

        ii. CFO of St. Joseph Health System

---

[4] The 2017 cost report for Defendant Santa Rosa Memorial Hospital states that "St. Joseph Healthcare" has 100% ownership of the hospital. On information and belief, "St. Joseph Healthcare" refers to Defendant St. Joseph Health System.



    iii.    CFO of Providence St. Joseph Health

    iv.     CFO of Providence Health & Services

c.  **Cynthia (or "Cindy") Strauss**
    i.      Secretary of St. Joseph Health

    ii.     Secretary of St. Joseph Health System

    iii.    Secretary of Providence St. Joseph Health

    iv.     Secretary of Providence Health & Services

    v.      Secretary of St. Joseph Health Northern California, LLC in 2018

d.  **Roberta Luskin-Hawk**
    i.      CEO of Redwood Memorial

    ii.     CEO of St. Joseph Hospital of Eureka

e.  **Todd Salnas**
    i.      CEO of Petaluma Valley Hospital

    ii.     CEO of Santa Rosa Memorial Hospital

f.  **John Peters** serves as the CFO of:
    i.      CFO of Redwood Memorial

    ii.     CFO of St. Joseph Hospital of Eureka

    iii.    CFO of Queen of the Valley Medical Center

g.  **Raju Iyer**
    i.      CFO of Petaluma Valley Hospital

    ii.     CFO of Santa Rosa Memorial Hospital

    iii.    CFO of St. Joseph Hospital of Eureka in 2018

h.  **Oluyemi Adeyanju:**
    i.      Secretary of St. Joseph Health Northern California, LLC

    ii.     Secretary of Redwood Memorial

    iii.    Secretary of St. Joseph Hospital of Eureka

    iv.     Secretary of Petaluma Valley Hospital

    v.      Secretary of Santa Rosa Memorial Hospital



11

vi.     Secretary of Queen of the Valley Medical Center

i.   **Shannon Dwyer**
   i.      Secretary of St. Joseph Health Northern California, LLC in 2016-2017

   ii.     Secretary of St. Joseph Health System in 2017

j.   **Joni Murphy:**
   i.      Controller for St. Joseph Hospital of Eureka

   ii.     Controller for Petaluma Valley Hospital

   iii.    Controller for Santa Rosa Memorial Hospital

k.   **Traci Ober:**
   i.      Agent for Service of Process for Redwood Memorial

   ii.     Agent for Service of Process for St. Joseph Hospital of Eureka

l.   **Leigh Ann Yates:**
   i.      Agent for Service of Process for Santa Rosa Memorial

   ii.     Agent for Service of Process for Petaluma Valley Hospital

39.     Defendants' corporate headquarters are located at the same addresses. St. Joseph Health, St. Joseph Health System, and St. Joseph Health Northern California, LLC all use 3345 Michelson Drive, Suite 100, in Irvine, California as their corporate address.  Many of the officers of the Hospital Defendants also list this 3345 Michelson Drive address as their address.  Two of the other Defendants—Providence St. Joseph Health and Providence Health & Services—use 1801 Lind Avenue SW in Renton, Washington as their corporate address.

40.     Defendants use the corporate entity as a conduit to conduct a single venture. Plaintiffs allege on information and belief that Management Defendants set up the various Management Defendants to run their hospitals from one location. St. Joseph Health System is referred to as the "corporate office."   Management Defendants control all significant decisions regarding the Hospitals.  They are each viewed as a piece of the whole that is the St. Joseph healthcare empire.



12

41.    Defendants divert assets from the Hospitals. As alleged in detail above in paragraphs 27 and 28, the Hospitals pay large "administration" or "management" fees to the Management Defendants.

42.    Injustice will result if the Court does not disregard the fiction of the separate corporate entities Defendants have constructed to conceal and misrepresent the identity of the responsible ownership of, management of, and financial interest in Defendants.

43.    Defendants have created a fractured ownership and management structure in order to shield Management Defendants from liability and to carry out their single enterprise with financial impunity.

44.    Management Defendants manage and control the Hospitals and make all critical decisions regarding operations, administration, and billing, resulting in the wrongful conduct alleged herein, including Defendants' abuse of hospital liens and use of their grossly inflated "customary" rates.

45.    Management Defendants benefit financially from the policies, decisions, control and management of the Hospitals in the form of income and profits received from them, but hide behind the corporate structure to escape financial and legal liability.

46.    If Defendants are not treated as a single enterprise or alter egos of each other, a severe injustice will result to California consumers, including the Class Members. Defendants have caused the Hospitals to interfere with Plaintiffs' contractual relations with their health care service plans and abuse the California Hospital Lien Act, resulting in significant economic damage to Plaintiffs and the Class.  Management Defendants have siphoned hundreds of millions of dollars from the Hospitals over the Class Period, which monies were obtained through wholesale violations of California's tort laws and consumer protection laws.  For these and other reasons alleged herein, allowing Defendants to avoid legal responsibility for actions taken at the hospital level, which they directed and caused, would be unfair and unjust.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES

**THE HOSPITAL DEFENDANTS ARE AGENTS OF MANAGEMENT DEFENDANTS**

47.     Management Defendants exercise pervasive and continual control over the Hospitals, such that they are mere agents or instrumentalities of Management Defendants.

48.     Each of the Hospital Defendants and Defendant St. Joseph Health Northern California, LLC is wholly owned by Defendant St. Joseph Health System. Defendants St. Joseph Health System, St. Joseph Health, Providence Health & Services are wholly owned by Defendant Providence St. Joseph Health. Thus, there is common ownership among all Defendants.

49.     The governing body of each Hospital is responsible for adopting and changing the policies and procedures of the Hospital.  For each Hospital, this body is made up of an overlapping group of individuals.  Plaintiffs allege on information and belief that the policies and procedures of the Hospitals are dictated by Management Defendants.

50.     Defendants, and each of them, are jointly and separately responsible for the conduct alleged herein and the injuries to Plaintiffs and members of the class.

51.     Defendants operate as a joint venture, single enterprise, are agents of one another, are alter egos, and/or conspire to increase profits by interfering with Plaintiffs' contractual relations with their health care service plans and abusing the California Hospital Lien Act, resulting in significant economic damage to Plaintiffs and the Class.

52.     Defendants, and each of them, are directly liable because their actions have caused the Hospitals to interfere with Plaintiffs' contractual relations with their health care service plans and abuse the California Hospital Lien Act and thereby caused harm to Plaintiffs and the members of the class.

53.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants designated herein as Does 1 through 100, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names.  On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described.  Plaintiffs



14

1 | will seek leave to amend this complaint, in order to show the true names and capacities of such

2 | parties, when the same has been ascertained.

3 | 54.   On information and belief, at all times herein mentioned, each Defendant was the

4 | agent, partner, joint venturer, representative, and/or employee of the remaining Defendants, and was

5 | acting within the course and scope of such agency, partnership, joint venture, and/or employment.

6 | Furthermore, in engaging in the conduct described below, the Defendants were all acting with the

7 | express or implied knowledge, consent, authorization, approval, and/or ratification of their co-

8 | Defendants.

## CLASS ACTION ALLEGATIONS

9
10 | 55.   Plaintiffs Gregg and Davidson bring this action as a class action pursuant to Code of

Civil Procedure, Section 382, on behalf of themselves and the following Class:

11
12 | All individuals who received medical services from the Hospital
Defendants between March 2016 to the present, the charges for which
13 | medical services were sought to be recovered by the Hospital
Defendants via a lien against third-party tortfeasor and not through
14 | the individual's health care service plan.  Excluded from this Class
are Defendants and the Judge to whom this case is assigned.

15 | Plaintiffs reserve the right to amend this Class definition if discovery and/or further investigation

16 | demonstrates that the Class should be expanded or otherwise modified.

17 | 56.   Plaintiff Davidson also brings this action on behalf of herself and the following Sub-

18 | Class: All those Class Members (as defined above) who are Medicare recipients.

19 | 57.   **Numerosity of the Class.**  The members of the Class are so numerous that joinder

20 | of all members would be impracticable.  The precise number of members of the Class and their

21 | addresses are presently unknown to Plaintiffs.  The precise number of persons in the Class and their

22 | identities and addresses may be ascertained from Defendants' records.  If deemed necessary by the

23 | Court, members of the Class may be notified of the pendency of this action by mail, supplemented

24 | by published notice.

25 | 58.   **Existence of Predominance of Common Questions of Fact and Law.**  There are

26 | questions of law and fact common to the members of the Class that predominate over any questions

27 | affecting only individual members, including:

28

a.   Whether Defendants provided medical services to Plaintiffs in relation to incidents involving a third-party tortfeasor;

b.   Whether Defendants failed to submit the bills related to those medical services to Plaintiffs' health care service plans in lieu of asserting a lien against Plaintiffs' trial award or settlement;

c.   Whether the "customary" rates asserted in the Defendants' liens, as opposed to the lower, negotiated rate guaranteed under Plaintiffs' respective health plans, are "reasonable and necessary charges" under Civil Code Section 3045.1;

d.   Whether Defendants' conduct violates Business and Professions Code Section 17200;

e.   Whether Defendants' actions of not submitting Plaintiffs' bills to their health care service plans constitutes an intentional interference with Plaintiffs' contractual relations with their health care service plans;

f.   Whether Defendants' conduct otherwise violates California law;

g.   Whether Defendants are jointly and/or severally liable or otherwise legally responsible for violations alleged herein under single enterprise, joint venture, agency, or other theory; and

h.   Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and nature of such relief.

59.   **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and is not subject to any unique defenses.

60.   **Adequacy.** Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.



16

61.   **Superiority.**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons:

    a.   It is economically impractical for members of the Class to prosecute individual actions;

    b.   The Class is readily definable;

    c.   Prosecution as a class action will eliminate the possibility of repetitious litigation; and

    d.   A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

62.   Plaintiffs do not anticipate any difficulty in the management of this litigation.

## FACTUAL ALLEGATIONS

The Hospital Lien Act

63.   Under Section 3045.1 of the California Civil Code ("the Hospital Lien Act" or "HLA"), when a hospital provides medical services to a person injured by an accident or negligent or wrongful act, the hospital may assert a lien for the "reasonable and necessary charges" of the services provided to that person. An HLA lien applies to a plaintiff's claim "whether the damages are recovered, or are to be recovered, by judgment, settlement, or compromise." Civ. Code Section 3045.2.

64.   Group health plans universally contain terms which establish that payment by the health plan to the hospital, at a contracted rate, constitutes payment in full. Such terms in a group health plan prevent "balance billing," whereby a hospital, after receiving a health plan payment at a contracted rate, then bills the client for the difference between the paid lower contracted amount and the hospital's "list" or "retail" bill.[5]

65.   The issue of balance billing under the HLA was addressed by the California Supreme Court in *Parnell v. Adventist Health Systems/West* (2005) 35 Cal. 4th 595. An understanding of the

---

[5]  "Hospital list prices, contained in something called a chargemaster are insanely high, often running ten times the amount that hospitals routinely accept as full payment from insurers." Hospital Chargemaster Insanity: Heeling The Healers; 43 Pepp. L. Rev. 745.

1   *Parnell* holding is important to an understanding of the larger problem faced by a patient when a
2   treating hospital declines to bill his or her health plan.

3      66.   *Parnell* arose from injuries suffered by a plaintiff in an automobile collision.  In that
4   case, the injured plaintiff (Parnell) received treatment at an Adventist Health Facility.  Parnell was
5   covered by a health plan which provided that payment of Parnell's Adventist Health bills at the
6   contracted payment rate would constitute payment in full for services rendered.  Notwithstanding
7   the agreement with the health plan, Adventist Health asserted that it had a right to assert an HLA
8   claim for the balance due and owing after payment of the HLA lien.  *Parnell*, *supra*, 35 Cal. 4th at
9   599.

10     67.   The *Parnell* Court held that the Hospital could not pursue an HLA claim for the
11  balance of its claimed charges because accepting payment from the health plan or insurance carrier
12  extinguished the debt.   Accordingly, there is no HLA lien where a hospital bills, and accepts
13  payment from, a health plan whose terms establish that such payment constitutes full and final
14  payment for services rendered.  *Parnell*, *supra*, 35 Cal. 4th at 599.  This holding explains the reason
15  why hospitals routinely decline to bill an injured person's health plan and instead create an HLA
16  lien.

17     68.   Under the HLA, a hospital's lien cannot exceed 50 percent of the moneys due under
18  any final judgment, compromise, or settlement agreement after paying any prior liens. Civ. Code §
19  3045.4.  However, where a hospital liens exists under Civil Code Section 3045.1 and the hospital's
20  lien is not fully satisfied out of a settlement, the HLA does not prohibit the hospitals from pursuing
21  the injured plaintiff directly for the difference between the HLA lien payout and the total bill.

22     69.   Because a hospital's bills can be inflated to the retail amount and then asserted as an
23  HLA lien, there is an obvious incentive for a hospital to decline to bill a patient's health plan.  By
24  declining to bill such a health plan, a hospital reserves unto itself the right to attempt to collect the
25  balance of an inflated bill from the injured client. In doing so, the hospital deprives the injured
26  plaintiff of the health plan benefits for which he or she has paid.

27
28

1    <u>Defendants Assert Unreasonable and Unnecessary Liens Against Plaintiffs</u>

2    70.    Plaintiffs are individuals who sought and received medical services from one of the

3    Defendant Hospitals in relation to injuries they sustained in connection with an accident or other

4    negligent or wrongful act.

5    71.    Plaintiffs maintain health care service plans. In exchange for their monthly payments,

6    Plaintiffs receive the benefit of the health care service plans' lower, negotiated rates for medical

7    services with various medical providers as well as varying levels of financial coverage of their

8    medical bills by the health care service plan.

9    72.    Additionally, Plaintiff Davidson is over the age of 65.  After paying into Medicare

10   for years, Plaintiff Davidson is covered under Medicare, in addition to her supplemental health care

11   service plan.

12   73.    When admitted to the Hospitals, Plaintiffs provided proof of their health care service

13   plans.  However, rather than billing Plaintiffs' respective health care service plans for the services

14   rendered, Defendants refrained from submitting those bills. Months later, Plaintiffs received notice

15   that Defendants were asserting liens against their civil recovery against their tortfeasors at grossly

16   inflated rates.

17   74.    In November 2016, Plaintiff Gregg was injured in a car accident when someone rear

18   ended her.  She received medical services from Defendant Queen of the Valley Medical Center.

19   Upon arrival to Defendants' hospital, Plaintiff Gregg provided the Hospital with the information

20   about her healthcare service plan and her automobile insurance. Plaintiff reasonably expected that

21   the hospital would submit the bill for her visit to her healthcare service plan for processing and

22   payment. After Plaintiff's visit, QVMC did not submit Plaintiff's bill to United Health Care, despite

23   knowing of this coverage. Plaintiff proceeded with a civil lawsuit against the third-party tortfeasor

24   and insurance company for her injuries.  In April 2017, Plaintiff received a letter from Gardner

25   Group, Inc., an agent of QVMC, stating that QVMC was asserting a lien for $14,523.25 against

26   Plaintiff's damages in her lawsuit against the third-party tortfeasor.  This was the first that Plaintiff

27   learned that QVMC had not submitted her bill to United Health Care.  On information and belief,

28



1   the amount sought via the lien is orders higher than the amount that would otherwise be accepted as

2   payment in full if the bill had been submitted to Plaintiff's health care service plan. The lien amount,

3   therefore, is not "reasonable and necessary" under the HLA. *See* Civ. Code § 3045.1.

4       75.    In June 2018, Plaintiff Davidson was injured in a car accident caused by a third party.

5   She received medical services from Defendant Queen of the Valley Medical Center. Upon arrival

6   to Defendants' hospital, Plaintiff Davidson provided the hospital with the information about her

7   healthcare coverage under Medicare and through a supplemental health care service plan with Kaiser

8   Permanente. Plaintiff reasonably expected that the hospital would submit the bill for her visit to

9   Medicare and her healthcare service plan for processing and payment. After Plaintiff's visit, QVMC

10  did not submit Plaintiff's bill to Medicare or Kaiser. Plaintiff proceeded with a civil lawsuit against

11  the third-party tortfeasor and insurance company for her injuries.  In October 2018, Plaintiff received

12  a letter from Gardner Group, Inc., an agent of QVMC, stating that QVMC was asserting a lien for

13  $14,918.40 against Plaintiff's damages in her lawsuit against the third-party tortfeasor.  This was

14  the first that Plaintiff learned that QVMC had not submitted her bill to Medicare and Kaiser. On

15  information and belief, the amount sought via the lien is orders higher than the amount that would

16  otherwise be accepted as payment in full if the bill had been submitted to Medicare or Plaintiff's

17  supplemental health care service plan. The lien amount, therefore, is not "reasonable and necessary"

18  under the HLA. *See* Civ. Code § 3045.1.

19      76.    Defendants' conduct is intended to generate more profit for Defendants by abusing

20  the HLA in a way it was not intended to be used. Defendants "retail" or "customary" rates are grossly

21  inflated beyond what is reasonable and necessary. That is evidenced by the fact that Defendants

22  routinely accept as payment in full amounts representing a mere fraction of said "customary" rates

23  when the bill is processed through a healthcare service plan in whose provider network the hospital

24  participates.

25      77.    Seeing a path toward collection of the inflated customary rates through the HLA,

26  hospitals initially continued the normal practice of billing the healthcare service plan and then

27  asserting a lien under the HLA for the difference between the customary rate and the negotiated rate.

28

CLASS ACTION COMPLAINT FOR DAMAGES

1   This practice was deemed illegal by the California Supreme Court. See *Parnell v. Adventist Health*

2   *Systems/West* (2005) 35 Cal. 4th 595, 607.  Following that ruling, and still seeing a way to increased

3   profits, Defendants adapted their strategy to one in which they refrain from billing the healthcare

4   service plan altogether so as to not trigger the holding of *Parnell*.  However, this does not render

5   Defendants' conduct legal. To the contrary, it penalizes the injured plaintiffs even more by

6   completely depriving Plaintiffs of the benefit of their health care service plan.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE UCL – UNLAWFUL BUSINESS ACTS AND PRACTICES**
**(Bus. & Prof. Code §§ 17200, *et seq.*)**

9       78.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth

10  fully herein.

11      79.     Business & Professions Code §§ 17200 *et seq.* prohibits acts of "unfair competition"

12  which is defined by Business & Professions Code § 17200 as including "any unlawful, unfair or

13  fraudulent business act or practice."  Defendants' conduct, as described above, constitutes unlawful

14  business acts and practices.

15      80.     Defendants have violated and continue to violate Business & Professions Code §

16  17200's prohibition against engaging in "unlawful" business acts or practices by violating, and

17  continuing to violate, Civil Code §§ 3045.1-3045.6, as set forth below:

18              a.      Defendants provided medical treatments to Plaintiffs, patients with medical

19                      insurance who were injured through the acts of third parties. When those

20                      patients subsequently recover damages from the third-party tortfeasors,

21                      Defendants, as a practice, unlawfully, unfairly and fraudulently assert an

22                      interest in the tort recovery pursuant to California Civil Code § 3045.1.

23              b.      Plaintiffs are beneficiaries under insurance policies issued by medical

24                      insurance companies which have entered into contracts with Defendants and

25                      in which Defendants have agreed to accept as payment in full for services

26                      provided specific negotiated charges. Plaintiffs are intended third party

27                      beneficiaries of such contracts.

28



21

c.   The amount of the lien pursued by Defendants is greater than what the liability of the patient would have been for the medical services rendered by Defendants under the terms of the contracts between the Plaintiffs' medical insurance carriers and the Defendants.

d.   Asserting and pursuing a lien amount that seeks to impose greater liability or burden on a patient to Defendants than there would be in the absence of California Civil Code § 3045.1 is "double billing," and is not authorized under Civ. Code § 3045.1 or any other theory.

e.   Defendants, as a practice, unlawfully, unfairly and fraudulently demand payment from patients' recovery from third party tortfeasors sums that are over and above the amount that patients were required to pay to the defendants in the absence of Civ. Code § 3045.1. As a result of this practice, California residents who were patients have been wrongfully induced into paying sums that were not owed to defendants.

f.   A lien is defined in Civil Code § 2872 as follows: "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." That is, a lien is a means of securing payment of an indebtedness, not something independently creating an obligation of payment. Thus, any lien that Defendants could rightfully assert as a result of Civil Code § 3045.1 is a lien for security for payment of amounts otherwise owed by patients. Upon payment of the lower negotiated charges under Defendants' contracts with Plaintiffs' medical insurance carriers, Defendants' lien rights are extinguished as a matter of law, as there is no longer any indebtedness for which any putative lien could secure payment.



22

g.     The conduct of Defendants set forth above was done with the knowledge, authorization, approval and ratification of the officers, directors and managing agents of each of them.

h.     Plaintiffs are entitled to receive a permanent injunction against Defendants enjoining them from asserting lien rights against' tort recoveries which exceed the negotiated rate contracted for with Plaintiffs' health care service plans. Plaintiffs are also entitled to receive a permanent injunction against Defendants requiring Defendants to bill patients' health care service plans for services provided.

i.     Plaintiffs are further entitled to an order of restitution, requiring Defendants to disgorge to Plaintiffs such sums as have been collected by Defendants within four years of the filing of this action through the practice described above.

81.     Defendants have also violated and continue to violate Business & Professions Code § 17200's prohibition against engaging in "unlawful" business acts or practices by intentionally interfering with contractual relations, as set forth below.

82.     Plaintiffs and Class members have suffered injury in fact and lost money and/or property as a result of Defendants' unlawful business acts and practices by, inter alia, being deprived of the benefits of the health care service plan for which they bargained and paid, and having grossly higher lien amounts deducted from their monetary damages than what would have been deducted if Defendants had billed Plaintiffs' health care service plans

83.     By and through its unlawful business practices and acts described herein, Defendants have obtained money and/or valuable property from Plaintiffs and have deprived Plaintiffs of money and/or valuable rights and benefits guaranteed by law, all to their detriment.

84.     As a result of Defendants' violations of the Business and Professions Code section 17200, Plaintiffs seek an order of this Court enjoining Defendants' continued violations. Plaintiffs



also seek an order for restitution, disgorgement, and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE UCL – UNFAIR BUSINESS ACTS AND PRACTICES**
**(Bus. & Prof. Code §§ 17200, et seq.)**

85.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

86.     Defendants' acts and practices, as described above, constitute unfair business practices within the meaning of Business & Professions Code, §§ 17200, et seq.

87.     Plaintiffs and other members of the Class suffered a substantial injury in fact resulting in the loss of money or property by virtue of Defendants' conduct.

88.     Defendants' conduct does not benefit consumers or competition. Indeed, the injury to consumers, including Plaintiffs and the Class, as a result of Defendants' conduct is substantial and far greater than any alleged countervailing benefit.

89.     Plaintiffs and Class members could not have reasonably avoided the injury each of them suffered.

90.     The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, is immoral, unethical, oppressive, unscrupulous, and is contrary to the public welfare and public policy established by the State of California since it transgresses civil statutes of the State of California designed to protect consumers.

91.     Defendants' conduct also violates the public policy delineated in the HLA. In adopting the HLA, it was the intent and purpose of the California legislature "to give hospitals a way to recoup some of the expense they incur in treating emergency patients without regard to their *uninsured status* or *inability to pay*." *Grauberger v. St. Francis Hospital* (N.D. Cal. 2001) 149 F.Supp.2d 1186, 1193 (emphasis added). With the HLA, the Legislature sought to remedy a financial problem facing the hospitals at the time: "[H]ospitals, including those that operate trauma centers, treat accident victims, *many of whom are uninsured.* Many hospitals have problems keeping their emergency rooms open *because a large proportion of accident victims are uninsured.*

24

1 | The purpose of [the HLA] is to make it possible for hospitals to seek payments, particularly from
2 | insurance companies whose clients have accidentally or negligently hurt another person, resulting
3 | in that injured person's hospitalization." *Id.* (emphasis added). The "primary targets" of the HLA
4 | are "***uninsured patients*** who received treatment, recovered money from the person who cause the
5 | accident or his insurer, and then did not pay the treating hospital for its reasonable expenses." *Id.*
6 | (emphasis added).

7 | 92. Defendants' conduct runs afoul of this legislatively defined public policy because
8 | Defendants do not use the HLA to recoup expenses incurred in treating the uninsured patients but
9 | rather as a profit-generating mechanism applied to patients *with healthcare service plans*, which
10 | would otherwise pay Defendants the negotiated contractual rate for the patients' medical services.
11 | The HLA was intended to financially support hospitals that treated uninsured patients or other
12 | patients who were unable to pay their medical bills—to help them "recoup some of the expense[s]"
13 | in treating these patients. It was not the intent of the Legislature that hospitals use the HLA to
14 | increase a hospital's profit margin.

15 | 93. Defendants' conduct therefore constitutes unfair and deceptive practices in violation
16 | of Business & Professions Code, §§ 17200, *et seq.*

17 | 94. Plaintiffs and Class members have suffered injury in fact and lost money and/or
18 | property as a result of Defendants' unfair business acts and practices by, inter alia, being deprived
19 | of the benefits of the health care service plan for which they bargained and paid, and having grossly
20 | higher lien amounts deducted from their monetary damages than what would have been deducted if
21 | Defendants had billed Plaintiffs' health care service plans.

22 | 95. By and through its unfair business practices and acts described herein, Defendants
23 | have obtained money from Plaintiffs and have deprived Plaintiffs of valuable rights and benefits
24 | guaranteed by law, all to their detriment.

25 | 96. As a result of Defendants' violations of the Business and Professions Code section
26 | 17200, Plaintiffs seek an order of this Court enjoining Defendants' continued violations. Plaintiffs
27 | also seek an order for restitution of monies paid to Defendants in an amount reflecting the difference

28

1  in the asserted lien amounts and the negotiated rates under the respective health care service plan

2  for the same services, for disgorgement of profits derived from Defendants' unfair business

3  practices, and for all other relief allowed under the UCL, including interest and attorneys' fees

4  pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

**THIRD CAUSE OF ACTION**
5
**VIOLATION OF THE UCL – FRAUDULENT BUSINESS ACTS AND PRACTICES**
6  **(Bus. & Prof. Code §§ 17200, *et seq.*)**

7       97.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth

8  fully herein.

9       98.    Defendants' conduct as set forth herein constitutes fraudulent business practices

10 under Business & Professions Code, §§ 17200, *et seq.*

11      99.    As described herein, Defendants failed to bill Plaintiffs for "reasonable and necessary

12 charges" per their health plans' contracts with Defendants in violation of Civil Code §§ 3045.1-

13 3045.6.

14      100.   Plaintiffs suffered concrete and identifiable economic injuries as a consequence of

15 Defendants' misleading and fraudulent conduct, including but not limited to excessively high

16 hospital bills and liens.

17      101.   By and through its fraudulent business practices and acts described herein,

18 Defendants have obtained money and/or valuable property from Plaintiffs and have deprived

19 Plaintiffs of money and/or valuable rights and benefits guaranteed by law, all to their detriment.

20      102.   As a result of Defendants' violations of the Business and Professions Code section

21 17200, Plaintiffs seek an order of this Court enjoining Defendants' continued violations.  Plaintiffs

22 also seek an order for restitution, disgorgement, and all other relief allowed under the UCL,

23 including interest and attorneys' fees pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

24 ///

25 ///

26 ///

27 ///

28



26

## FOURTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Common Law)

103.   Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

104.   Plaintiffs contracted with their respective healthcare service plans to receive health care coverage benefits in exchange for monthly payments.

105.   Plaintiffs' agreements with their healthcare services plans are valid and enforceable contracts.  Defendants are not parties or agents of a party to these contracts.

106.   At all relevant times, Defendants were aware of Plaintiffs' contracts with their healthcare services plans.

107.   Defendants' conduct, as alleged above, prevented performance or made performance of Plaintiffs' contracts with their healthcare services plans more expensive or difficult.

108.   Defendants intended to disrupt the performance of Plaintiffs' contracts with their healthcare services or knew that disruption of performance was certain or substantially certain to occur as a result of Defendants' conduct.

109.   Plaintiffs' contracts with their healthcare service plans have been disrupted.

110.   Plaintiffs have suffered economic harm as a result of Defendants' conduct.

111.   Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

112.   Plaintiffs seek damages, injunctive relief, and/or all other remedies available under law.

///
///
///
///
///
///
///



27

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, pray for judgment against Defendants as follows:

A.   An order certifying this case as a class action and appointing Plaintiff Gregg and Plaintiff Davidson and their counsel to represent the Class;

B.   For actual and compensatory damages according to proof pursuant to the Civil Code, California common law, and all other applicable laws and regulations;

C.   For an order enjoining Defendants from continuing to engage in the conduct described herein;

D.   For restitution and disgorgement to the extent permitted by applicable law;

E.   For pre-judgment and post-judgment interest;

F.   For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

G.   For such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.



Robert S. Arns, State Bar No. 65071
Jonathan E. Davis, State Bar No. 191346
Shounak S. Dharap, State Bar No. 311557
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel: (415) 495-7800
Fax: (415) 495-7888



28

CLASS ACTION COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert S. Arns    SBN: 65071<br>The Arns Law Firm<br>515 Folsom Street, 3rd Floor, San Francisco, CA 94105<br>TELEPHONE NO.: 415-495-7800    FAX NO.: 415-495-7888<br>ATTORNEY FOR *(Name)*: Andrea Gregg, et al. | **FILED**<br>SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br><br>MAR 2 6 2020<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk<br><br>ANGELICA SUNGA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME: Gregg, et al. v. Providence St. Joseph Health, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-20-583964<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Four
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 25, 2020

Robert S. Arns
_____          ▶          _____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **AUG-26-2020**

**TIME:**     **10:30AM**

**PLACE:**     **Department 610**
             **400 McAllister Street**
             **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800<br><br>  Attorney For:  Plaintiff      Ref. No. or File No.: | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**05/18/2020**<br>**Clerk of the Court**<br>BY: RAYMOND WONG<br>Deputy Clerk |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT |

| Plaintiff:  ANDREA GREGG, et al. |
|---|
| Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al. |

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.   *a.*  *Party served:*    PROVIDENCE HEALTH & SERVICES
     *b.*  *Person served:*  DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE
                     OF PROCESS.

4. *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5. *I served the party:*

   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
        service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM

   (1)  [ X ]  (business)
   (2)  [   ]  (home)
   (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [   ]  as an individual defendant.
   b.  [   ]  as the person sued under the fictitious name of *(specify)*:
   c.  [   ]  as occupant.
   d.  [ X ]  On behalf of *(specify)*:  PROVIDENCE HEALTH & SERVICES
         under the following Code of Civil Procedure section:
         [   ] 416.10 (corporation)            [ X ] 415.95 (business organization, form unknown)
         [   ] 416.20 (defunct corporation)        [   ] 416.60 (minor)
         [   ] 416.30 (joint stock company/association)   [   ] 416.70 (ward or conservatee)
         [   ] 416.40 (association or partnership)      [   ] 416.90 (authorized person)
         [   ] 416.50 (public entity)            [   ] 415.46 (occupant)
         [   ] other:



PROOF OF
SERVICE
SUMMONS

*4533026*
*(7715735)*
Page 1 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>Telephone No: (415) 495-7800 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| Plaintiff: ANDREA GREGG, et al.<br>Defendant: PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                 Douglas Forrest
   b. Address:            **FIRST LEGAL**
                          1202 Howard Street
                          SAN FRANCISCO, CA 94103
   c. Telephone number:    (415) 626-3111
   d. **The fee** for service was:  $ 48.80
   e. I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒  a registered California process server:
          (i) ☐ owner   ☐ employee   ☒ independent contractor
          (ii) Registration No:  5141, Los Angeles
          (iii) County:  Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 05/14/2020 | |
|---|---|
| *(Date)* | Douglas Forrest |


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

*4533026*
*(7715735)*
Page 2 of 2

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800 | *For Court Use Only* |
|   Attorney For:  Plaintiff      *Ref. No. or File No.:* | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/18/2020**<br>**Clerk of the Court**<br>BY: RAYMOND WONG<br>Deputy Clerk |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT | |
| *Plaintiff:*  ANDREA GREGG, et al.<br>*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al. | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.   *a.*  *Party served:*    PROVIDENCE ST. JOSEPH HEALTH
    *b.*  *Person served:*  DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE
                    OF PROCESS.

4. *Address where the party was served:*  818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5. *I served the party:*

  a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
     service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM

  (1)  [ X ]  (business)
  (2)  [   ]  (home)
  (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [   ]  as an individual defendant.
  b.  [   ]  as the person sued under the fictitious name of *(specify)*:
  c.  [   ]  as occupant.
  d.  [ X ]  On behalf of *(specify)*:  PROVIDENCE ST. JOSEPH HEALTH
         under the following Code of Civil Procedure section:

| | |
|---|---|
| [   ] 416.10 (corporation) | [ X ] 415.95 (business organization, form unknown) |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| [   ] other: | |



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF**<br>**SERVICE**<br>**SUMMONS** | *4533024*<br>*(7715640)*<br>Page 1 of 2 |
|---|---|---|

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  *Telephone No:*  (415) 495-7800<br><br>  *Attorney For:*  Plaintiff     *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:*  ANDREA GREGG, et al.
*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:               Douglas Forrest
    b.  Address:          **FIRST LEGAL**
                            1202 Howard Street
                            SAN FRANCISCO, CA 94103
    c.  Telephone number:    (415) 626-3111
    d.  **The fee** for service was:  $48.80
    e.  I am:
        (1) ☐   not a registered California process server.
        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒   a registered California process server:
            (i)    ☐ owner    ☐ employee    ☒ independent contractor
            (ii)   Registration No:   5141, Los Angeles
            (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 05/14/2020 | |
|---|---|
| *(Date)* | Douglas Forrest |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4533024*
*(7715640)*
Page 2 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>Telephone No: (415) 495-7800 | *For Court Use Only* |
|---|---|
| Attorney For: Plaintiff<br>*Ref. No. or File No.:* | **ELECTRONICALLY**<br>**F I L E D**<br>**Superior Court of California,**<br>**County of San Francisco**<br>**05/18/2020**<br>**Clerk of the Court**<br>**BY: RAYMOND WONG**<br>**Deputy Clerk** |

| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT |
|---|

Plaintiff: ANDREA GREGG, et al.
Defendant: PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  *a. Party served:*   REDWOOD MEMORIAL HOSPITAL OF FORTUNA
    *b. Person served:*   DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF PROCESS.

4.  *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5.  *I served the party:*

    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM

    (1)   [X]   (business)
    (2)   [ ]   (home)
    (3)   [ ]   (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.   [ ]   as an individual defendant.
    b.   [ ]   as the person sued under the fictitious name of *(specify):*
    c.   [ ]   as occupant.
    d.   [X]   On behalf of *(specify):*   REDWOOD MEMORIAL HOSPITAL OF FORTUNA
        under the following Code of Civil Procedure section:
        [ ]   416.10 (corporation)            [X]   415.95 (business organization, form unknown)
        [ ]   416.20 (defunct corporation)        [ ]   416.60 (minor)
        [ ]   416.30 (joint stock company/association)   [ ]   416.70 (ward or conservatee)
        [ ]   416.40 (association or partnership)     [ ]   416.90 (authorized person)
        [ ]   416.50 (public entity)            [ ]   415.46 (occupant)
        [ ]   other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

*4533038*
*(7715741)*
Page 1 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br> Telephone No:  (415) 495-7800 | | For Court Use Only |
|---|---|---|
|  Attorney For:  Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| Plaintiff:  ANDREA GREGG, et al.<br>Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
  a.   Name:              Douglas Forrest
  b.   Address:          **FIRST LEGAL**
                              1202 Howard Street
                              SAN FRANCISCO, CA 94103
  c.   Telephone number:   (415) 626-3111
  d.   **The fee** for service was:  $ 48.80
  e.   I am:
      (1)  ☐   not a registered California process server.
      (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒   a registered California process server:
          (i)   ☐ owner  ☐ employee  ☒ independent contractor
          (ii)  Registration No:   5141, Los Angeles
          (iii) County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____          _____
05/14/2020

          (Date)                                           Douglas Forrest



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>   *Telephone No:*  (415) 495-7800<br><br>   *Attorney For:*  Plaintiff | *For Court Use Only*<br><br>ELECTRONICALLY<br>**F I L E D**<br>**Superior Court of California,**<br>**County of San Francisco**<br><br>**05/18/2020**<br>**Clerk of the Court**<br>**BY: RAYMOND WONG**<br>**Deputy Clerk** |

| *Ref. No. or File No.:* |
|---|

| |
|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT |
| *Plaintiff:*  ANDREA GREGG, et al.<br>*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al. |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.   *a.  Party served:*    ST. JOSEPH HEALTH
     *b.  Person served:*  DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE
                         OF PROCESS.

4. *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
       service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM

   (1)  [ X ]  (business)
   (2)  [   ]  (home)
   (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [   ]  as an individual defendant.
   b.  [   ]  as the person sued under the fictitious name of *(specify)*:
   c.  [   ]  as occupant.
   d.  [ X ]  On behalf of *(specify)*:   ST. JOSEPH HEALTH
           under the following Code of Civil Procedure section:
           [   ] 416.10 (corporation)            [ X ] 415.95 (business organization, form unknown)
           [   ] 416.20 (defunct corporation)       [   ] 416.60 (minor)
           [   ] 416.30 (joint stock company/association)  [   ] 416.70 (ward or conservatee)
           [   ] 416.40 (association or partnership)    [   ] 416.90 (authorized person)
           [   ] 416.50 (public entity)           [   ] 415.46 (occupant)
           [   ] other:



Judicial Council Form POS-010                **PROOF OF**               *4533028*
Rule 2.150.(a)&(b) Rev January 1, 2007        **SERVICE**             *(7715736)*
                                          **SUMMONS**             Page 1 of 2

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105 | |

Telephone No: (415) 495-7800

Attorney For: Plaintiff | Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff: ANDREA GREGG, et al.
Defendant: PROVIDENCE ST. JOSEPH HEALTH, et al.

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                          Douglas Forrest
    b.  Address:                      **FIRST LEGAL**
                                            1202 Howard Street
                                            SAN FRANCISCO, CA 94103
    c.  Telephone number:    (415) 626-3111
    d.  **The fee** for service was:  $ 48.80
    e.  I am:
        (1) ☐  not a registered California process server.
        (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒  a registered California process server:
            (i)   ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No:   5141, Los Angeles
            (iii) County:   Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____                    _____
                05/14/2020
                   *(Date)*                                                        *Douglas Forrest*



Judicial Council Form POS-010          **PROOF OF**                    *4533028*
Rule 2.150.(a)&(b) Rev January 1, 2007     **SERVICE**                   *(7715736)*
                                                **SUMMONS**                 Page 2 of 2

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  *Telephone No:* (415) 495-7800 | *For Court Use Only* |
|   *Attorney For:* Plaintiff       *Ref. No. or File No.:* | **ELECTRONICALLY**<br>**F I L E D**<br>**Superior Court of California,**<br>**County of San Francisco**<br><br>**05/18/2020**<br>**Clerk of the Court**<br>**BY: RAYMOND WONG**<br>**Deputy Clerk** |

| | |
|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT | |
| *Plaintiff:* ANDREA GREGG, et al.<br>*Defendant:* PROVIDENCE ST. JOSEPH HEALTH, et al. | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.   *a.*   *Party served:*     ST. JOSEPH HEALTH NORTHERN CALIFORNIA, LLC
     *b.*   *Person served:*   DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE
                          OF PROCESS.

4. *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
   service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM

   (1)   [ X ]   (business)
   (2)   [   ]   (home)
   (3)   [   ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [   ]   as an individual defendant.
   b.   [   ]   as the person sued under the fictitious name of *(specify)*:
   c.   [   ]   as occupant.
   d.   [ X ]   On behalf of *(specify)*:   ST. JOSEPH HEALTH NORTHERN CALIFORNIA, LLC
         under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [   ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
   | [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
   | [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
   | [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
   | [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
   | [ X ] other:   LLC | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

*4533031*
*(7715739)*
Page 1 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br> Telephone No:  (415) 495-7800<br><br> Attorney For:  Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| Plaintiff:  ANDREA GREGG, et al.<br>Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:              Douglas Forrest
   b.  Address:         **FIRST LEGAL**
                            1202 Howard Street
                            SAN FRANCISCO, CA 94103
   c.  Telephone number:     (415) 626-3111
   d.  **The fee** for service was:  $48.80
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
           (i)   ☐ owner   ☐ employee  ☒ independent contractor
           (ii)  Registration No:  5141, Los Angeles
           (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 05/14/2020 | |
|---|---|
| *(Date)* | Douglas Forrest |



PROOF OF
SERVICE
SUMMONS

*4533031*
*(7715739)*
Page 2 of 2

*Attorney or Party without Attorney:*
ROBERT S. ARNS (#SBN 65071)
THE ARNS LAW FIRM
515 FOLSOM ST., 3RD FLOOR
SAN FRANCISCO , CA 94105
  *Telephone No:*  (415) 495-7800

  *Attorney For:*  Plaintiff

*Ref. No. or File No.:*

*For Court Use Only*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/18/2020**
**Clerk of the Court**
BY: RAYMOND WONG
Deputy Clerk

*Insert name of Court, and Judicial District and Branch Court:*
SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:*  ANDREA GREGG, et al.
*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CGC-20-583964 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  *a.  Party served:*     ST. JOSEPH HEALTH SYSTEM
    *b.  Person served:*   DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF PROCESS.

4.  *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, May 13 2020 (2) at *(time)*: 12:45 PM
    (1)  [ X ]  (business)
    (2)  [  ]   (home)
    (3)  [  ]   (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [  ]  as an individual defendant.
    b.  [  ]  as the person sued under the fictitious name of *(specify)*:
    c.  [  ]  as occupant.
    d.  [ X ]  On behalf of *(specify)*:   ST. JOSEPH HEALTH SYSTEM
        under the following Code of Civil Procedure section:

    | | |
    |---|---|
    | [  ]  416.10 (corporation) | [ X ]  415.95 (business organization, form unknown) |
    | [  ]  416.20 (defunct corporation) | [  ]  416.60 (minor) |
    | [  ]  416.30 (joint stock company/association) | [  ]  416.70 (ward or conservatee) |
    | [  ]  416.40 (association or partnership) | [  ]  416.90 (authorized person) |
    | [  ]  416.50 (public entity) | [  ]  415.46 (occupant) |
    | [  ]  other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4533029*
*(7715738)*
Page 1 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800 | | For Court Use Only |
|---|---|---|
|   Attorney For:   Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
|   Plaintiff:   ANDREA GREGG, et al.<br>  Defendant:   PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
  a.   Name:                        Douglas Forrest
  b.   Address:                   **FIRST LEGAL**
                                        1202 Howard Street
                                        SAN FRANCISCO, CA 94103
  c.   Telephone number:   (415) 626-3111
  d.   **The fee** for service was:   $48.80
  e.   I am:
      (1)  [  ]   not a registered California process server.
      (2)  [  ]   exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]   a registered California process server:
          (i)   [  ] owner    [  ] employee    [X] independent contractor
          (ii)   Registration No:   5141, Los Angeles
          (iii)   County:   Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____                    _____
05/14/2020
           *(Date)*                                                   Douglas Forrest



Judicial Council Form POS-010                    **PROOF OF**                    *4533029*
Rule 2.150.(a)&(b) Rev January 1, 2007              **SERVICE**                    *(7715738)*
                                                    **SUMMONS**                    Page 2 of 2

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  *Telephone No:*  (415) 495-7800<br><br>  *Attorney For:*  Plaintiff | *For Court Use Only* |

*Ref. No. or File No.:*

**ELECTRONICALLY**

**F I L E D**

*Superior Court of California,*
*County of San Francisco*

**05/18/2020**
**Clerk of the Court**
BY: RAYMOND WONG
Deputy Clerk

*Insert name of Court, and Judicial District and Branch Court:*
SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:*  ANDREA GREGG, et al.
*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  *a.  Party served:*      ST. JOSEPH HOSPITAL OF EUREKA
    *b.  Person served:*   DAISY MONTENEGRO, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE
                  OF PROCESS.

4.  *Address where the party was served:*   818 W. SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5.  *I served the party:*

    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
       service of process for the party (1) on *(date):* Wed, May 13 2020 (2) at *(time):* 12:45 PM

    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]   as an individual defendant.
    b.  [ ]   as the person sued under the fictitious name of *(specify):*
    c.  [ ]   as occupant.
    d.  [X]   On behalf of *(specify):*   ST. JOSEPH HOSPITAL OF EUREKA
             under the following Code of Civil Procedure section:
        [ ]   416.10 (corporation)                         [X]   415.95 (business organization, form unknown)
        [ ]   416.20 (defunct corporation)                 [ ]   416.60 (minor)
        [ ]   416.30 (joint stock company/association)     [ ]   416.70 (ward or conservatee)
        [ ]   416.40 (association or partnership)          [ ]   416.90 (authorized person)
        [ ]   416.50 (public entity)                       [ ]   415.46 (occupant)
        [ ]   other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | *4533036*<br>*(7715740)*<br>Page 1 of 2 |
|---|---|---|

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800 | For Court Use Only |
|---|---|

| Attorney For:  Plaintiff | Ref. No. or File No.: |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff:  ANDREA GREGG, et al.
Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:               Douglas Forrest
   b.  Address:         **FIRST LEGAL**
                       1202 Howard Street
                       SAN FRANCISCO, CA 94103
   c.  Telephone number:   (415) 626-3111
   d.  **The fee** for service was:  $48.80
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
         (i)  ☐ owner   ☐ employee   ☒ independent contractor
         (ii)  Registration No:   5141, Los Angeles
         (iii)  County:   Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

05/14/2020
_____
*(Date)*

_____
*Douglas Forrest*


Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4533036*
*(7715740)*
Page 2 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800<br><br>  Attorney For:  Plaintiff | For Court Use Only |
|---|---|
| Ref. No. or File No.: | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/19/2020**<br>**Clerk of the Court**<br>BY: NEYL WEBB<br>Deputy Clerk |

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff:  ANDREA GREGG, et al.
Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3. *a.  Party served:*     SRM ALLIANCE HOSPITAL SERVICES D/B/A PETALUMA VALLEY HOSPITAL
   *b.  Person served:*   LISA HAZELTON, AREA DIRECTOR OF QUALITY MANAGEMENT

4. *Address where the party was served:*    1165 MONTGOMERY DRIVE, SANTA ROSA, CA 95405

5. *I served the party:*
   b. **by substituted service.**     On: Mon, May 18 2020 at: 01:18 PM I left the documents listed in item 2 with or in the presence of:
   LISA HAZELTON, AREA DIRECTOR OF QUALITY MANAGEMENT .

   (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2)  [  ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3)  [  ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4)  [X]  **(Declaration of Mailing)** is attached.
   (5)  [  ]  **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [  ]    as an individual defendant.
    b.  [  ]    as the person sued under the fictitious name of *(specify)*:
    c.  [  ]    as occupant.
    d.  [X]    On behalf of *(specify)*:   SRM ALLIANCE HOSPITAL SERVICES D/B/A PETALUMA VALLEY HOSPITAL
              under the following Code of Civil Procedure section:
              [  ] 416.10 (corporation)              [X] 415.95 (business organization, form unknown)
              [  ] 416.20 (defunct corporation)      [  ] 416.60 (minor)
              [  ] 416.30 (joint stock company/association)  [  ] 416.70 (ward or conservatee)
              [  ] 416.40 (association or partnership)  [  ] 416.90 (authorized person)
              [  ] 416.50 (public entity)            [  ] 415.46 (occupant)
              [  ] other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**SUMMONS** | *4533067*<br>*(7715748)*<br>Page 1 of 2 |
|---|---|---|

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800 | | For Court Use Only |
|---|---|---|
|   Attorney For:  Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| Plaintiff:  ANDREA GREGG, et al.<br>Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

**7.   Person who served papers**
    a.  Name:             Julia Ardoin
    b.  Address:         **FIRST LEGAL**
                           1202 Howard Street
                           SAN FRANCISCO, CA 94103
    c.  Telephone number:    (415) 626-3111
    d.  **The fee** for service was:  $227.89
    e.  I am:
        (1)  [ ]  not a registered California process server.
        (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
        (3)  [X]  a registered California process server:
            (i)    [ ] owner    [ ] employee    [X] independent contractor
            (ii)   Registration No:  381, Sonoma County
            (iii)  County:  Sonoma

**8.**  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

            05/19/2020

              *(Date)*                                     Julia Ardoin

| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  *Telephone No:* (415) 495-7800 | | *For Court Use Only* |
|---|---|---|
| *Attorney For:* Plaintiff | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| *Plaintiff:* ANDREA GREGG, et al.<br>*Defendant:* PROVIDENCE ST. JOSEPH HEALTH, et al. | | |

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1.  *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
    a. Date of Mailing: Mon, May 18, 2020
    b. Place of Mailing: SAN FRANCISCO, CA
    c. Addressed as follows: SRM ALLIANCE HOSPITAL SERVICES D/B/A PETALUMA VALLEY HOSPITAL
     BUSINESS FILING, INC., AGENT FOR SERVICE OF PROCESS
                   1165 MONTGOMERY DRIVE, SANTA ROSA, CA 95405

4.  *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Mon, May 18, 2020 in the ordinary course of business.*

                            Recoverable cost Per CCP 1033.5(a)(4)(B)

5.  **Person Serving:**
    a. Juan Cruz                              **d.** *The Fee* for Service was:  $227.89
    **b. FIRST LEGAL**                        **e.** I am: Not a Registered California Process Server
     1202 Howard Street
     SAN FRANCISCO, CA 94103
    c. (415) 626-3111

6.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

        05/19/2020
        _____                    _____
             *(Date)*                              *Juan Cruz*



| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**BY MAIL** | *4533067*<br>*(7715748)* |
|---|---|---|

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  *Telephone No:*  (415) 495-7800<br><br>  *Attorney For:*  Plaintiff | *For Court Use Only* |

*Ref. No. or File No.:*

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/19/2020**
**Clerk of the Court**
BY: NEYL WEBB
**Deputy Clerk**

*Insert name of Court, and Judicial District and Branch Court:*
SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:*  ANDREA GREGG, et al.
*Defendant:*  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-20-583964 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  *a.  Party served:*    SANTA ROSA MEMORIAL HOSPITAL
    *b.  Person served:*   LISA HAZELTON, AREA DIRECTOR OF QUALITY MANAGEMENT

4.  *Address where the party was served:*   1165 MONTGOMERY DRIVE, SANTA ROSA, CA 95405

5.  *I served the party:*
    b. **by substituted service.**    On: Mon, May 18 2020 at: 01:18 PM I left the documents listed in item 2 with or in the presence of:
    LISA HAZELTON, AREA DIRECTOR OF QUALITY MANAGEMENT .

    (1)  [X]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
    (2)  [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
    (3)  [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
    (4)  [X]   **(Declaration of Mailing)** is attached.
    (5)  [ ]   **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]    as an individual defendant.
    b.  [ ]    as the person sued under the fictitious name of *(specify)*:
    c.  [ ]    as occupant.
    d.  [X]    On behalf of *(specify)*:   SANTA ROSA MEMORIAL HOSPITAL
          under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ]  416.10 (corporation) | [X]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| [ ]  other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS**

*4533060*
*(7715641)*
Page 1 of 2

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO , CA 94105<br>  Telephone No:  (415) 495-7800 | For Court Use Only |
|---|---|

| Attorney For:  Plaintiff | Ref. No. or File No.: |
|---|---|

| Insert name of Court, and Judicial District and Branch Court:<br>SAN FRANCISCO COUNTY SUPERIOR COURT |
|---|

| Plaintiff:  ANDREA GREGG, et al.<br>Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al. |
|---|

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:          Julia Ardoin
   b.  Address:     **FIRST LEGAL**
                       1202 Howard Street
                       SAN FRANCISCO, CA 94103
   c.  Telephone number:  (415) 626-3111
   d.  **The fee** for service was:  $227.89
   e.  I am:
      (1)  [ ]  not a registered California process server.
      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]  a registered California process server:
          (i)    [ ] owner   [ ] employee  [X] independent contractor
         (ii)  Registration No:  381, Sonoma County
         (iii)  County:  Sonoma

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

05/19/2020
*(Date)*

Julia Ardoin



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS**

| Attorney or Party without Attorney:<br>ROBERT S. ARNS (#SBN 65071)<br>THE ARNS LAW FIRM<br>515 FOLSOM ST., 3RD FLOOR<br>SAN FRANCISCO, CA 94105<br>  Telephone No:  (415) 495-7800 | For Court Use Only |
|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.: |

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff:  ANDREA GREGG, et al.
Defendant:  PROVIDENCE ST. JOSEPH HEALTH, et al.

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-20-583964 |
|---|---|---|---|---|

1.  *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; NOTICE TO PLAINTIFF

3.  By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
    a. Date of Mailing: Mon, May 18, 2020
    b. Place of Mailing: SAN FRANCISCO, CA
    c. Addressed as follows: SANTA ROSA MEMORIAL HOSPITAL- BUSINESS FILING, INC., AGENT FOR SERVICE OF PROCESS
                    1165 MONTGOMERY DRIVE, SANTA ROSA, CA 95405

4.  *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Mon, May 18, 2020 in the ordinary course of business.*

                                        Recoverable cost Per CCP 1033.5(a)(4)(B)

5.  **Person Serving:**
    a. Juan Cruz
    **b. FIRST LEGAL**
      1202 Howard Street
      SAN FRANCISCO, CA 94103
    c. (415) 626-3111

    d. *The Fee for Service was:*  $227.89
    e. I am: Not a Registered California Process Server

6.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

05/19/2020
*(Date)*

Juan Cruz



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**BY MAIL**

*4533060*
*(7715641)*